UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-23071-CIV-MORENO

FKR INVESTMENT CORP.,

    Plaintiff,

vs.

CITY OF HOMESTEAD,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This case involves a dispute over a utility lien. FKR Investment Corp. sued the City of Homestead for alleged violations of Fourteenth Amendment due process rights and for inverse condemnation. The City moves to dismiss the case on three grounds: (1) lack of subject matter jurisdiction; (2) res judicata; and (3) failure to state a claim. The Court has reviewed the motion, response, and reply. As explained below, the City's motion to dismiss is **GRANTED**.

### I. BACKGROUND

In April 2014, FKR purchased an investment property in Homestead, Florida. In March 2014, before FKR purchased the property, Skyline Lien Search performed a lien search and reported that there was no public record of any municipal lien. Shortly after purchasing the property, FKR requested that the City activate the electricity. But, the City notified FKR that utility services could not be activated because of pending code violations. FKR then spent more than $100,000 to bring the property into compliance. In October 2014, after correcting the code violations, FKR re-applied for electricity to be activated. The City responded by informing

FKR—for the first time—that there was an outstanding utility bill from two previous owners totaling $113,906. Accordingly, the City denied the electricity service request.

On December 1, 2014, FKR submitted a title insurance claim on its policy with First American Title Insurance Company. First American denied the claim because the purported utility lien was not recorded in the public records. Four days later—and almost eight months after FKR purchased the property—on December 5, the City recorded a Notice of Lien in the public records. The lien stated a previous owner.

In January 2015, FKR filed suit in state court against the City and against First American. The state-court complaint included two counts against the City—the first seeking to quiet title, and the second seeking an immediate injunction to compel the City to activate utility service and also seeking a declaration that the lien was invalid and unenforceable. The complaint also included two counts against First American—a claim for declaratory relief and an alternative claim for negligence.

In July 2015, the City agreed to dismiss the lien and restore utility service to FKR's property. The state court entered an Agreed Order Dismissing Lien, which dismissed the City's utilities lien and extinguished the encumbrance. FKR later voluntarily dismissed its claims against First American. Over two years later, in August 2017, FKR filed this complaint against the City.

## II. ANALYSIS

The City moves to dismiss FKR's complaint for three reasons: (1) lack of subject matter jurisdiction; (2) res judicata; and (3) failure to state a claim. The Court begins with an analysis of res judicata. Because FKR's claims are barred by res judicata, the Court need not address the City's other arguments, although they may have merit.

"Res judicata bars a subsequent suit between the same parties based on the same cause of action. It applies to (1) all matters that were actually raised, and (2) all matters that could have been raised in the prior suit." *Agripost, Inc. v. Miami-Dade County, ex rel. Manager*, 195 F.3d 1225, 1232 (11th Cir. 1999).

Here, FKR's state-court action against the City included claims for quiet title and for injunctive and declaratory relief. The factual allegations made to support the state-court claims match the factual allegations in this case almost verbatim. Indeed, the allegations that support FKR's theory of constitutional violations and inverse condemnation are no different than the allegations FKR relied upon in its state-court claims for quiet title and injunctive relief.

"When a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter that might have been offered for that purpose.'" *Comm'r of Internal Revenue v. Sunnen*, 333 U.S. 591, 597 (1948); *see also Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action."). Here, FKR argues that the state-court agreed order dismissing the utility lien at issue was not a final judgment on the merits, and thus, res judicata does not apply. FKR asserts that while the agreed order dismissed the lien, a final judgment on the merits was never entered as to the claims to quiet title nor for temporary injunctive relief. This Court disagrees. The state-court agreed order dismissed the utility lien and extinguished the encumbrance, thus, granting the exact relief FKR sought in its claim to quiet title. Further, utility services were restored to the property, thus, granting the exact relief FKR sought in its claim for injunctive relief. Therefore, the agreed

order clearly resolved FKR's claims on the merits, leaving nothing else to be litigated between FKR and the City.[1] Accordingly, the state court's order serves as a final judgment on the merits.

Final state-court judgments are accorded the same preclusive effect in federal court as they are due in the courts of the state in which the judgment was rendered. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 83 (1984). Thus, in determining the preclusive effect of the final judgment—the state-court agreed order—against FKR, this Court must apply Florida law. Under Florida law, a matter is not barred by res judicata unless four conditions are satisfied: "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality in the person for or against whom the complaint is made." *Adams v. Sewell*, 946 F.2d 757, 762 (11th Cir. 1991), *overruled on other grounds by McKinney v. Pate*, 20 F.3d 1550 (11th Cir. 1994).

As to the first element, FKR seeks essentially the same relief in this case that was sought in state court. In the state-court case, FKR sought the following relief:

> [For Count 1,] [FKR] respectfully requests this Honorable Court Grant and [sic] Order Quieting Title of the property which is the subject of this lawsuit, attorney's fees and costs, trial by court and any other relief deemed just and proper.
>
> [For Count 2,] [FKR] requests that this Court enter an immediate Injunction to compel [the City] to activate utility services at [the property], that the Court grant declaratory relief determining that the legal and constitutional imperatives of Florida law require that the lien recorded on December 5, 2014 is invalid and unenforceable against [FKR], and such other and further relief as may be just under the circumstances.

---

[1] FKR attempts to mislead the Court by indicating that it filed a voluntary dismissal following the agreed order, which suggests that the agreed order is not a final judgment. But, although FKR filed a voluntary dismissal, it was only a dismissal as against the remaining defendant, First American. Indeed, the caption to the Notice of Voluntary Dismissal lists only First American as a defendant, consistent with the agreed order resolving all of FKR's claims against the City, and serving as a final judgment as between FKR and the City.

In this case, FKR seeks damages, attorneys' fees and costs, and "such further relief as the Court deems necessary and proper." Thus, the only difference in the relief sought in this case is the additional damages for alleged constitutional violations and inverse condemnation. But, had these claims been brought in the state-court action, the same relief surely would have been requested. Further, any slight differences in the respective prayers for relief are made even slighter by the fact that in each case, FKR specifically requests that the court assess whatever relief it finds just and proper. Still further, any difference in "the thing sued for" is far overshadowed by the fact that the factual allegations in each case are almost identical. Accordingly, the first element of the test for res judicata is satisfied.

The second element of res judicata presents the question of whether the cause of action that was the subject of the state-court judgment is the same as the cause of action in this case. Generally, "if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, []the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1503 (11th Cir. 1990). Under this standard, FKR's state-court claims and the claims in this case clearly share the same nucleus of operative fact, as the factual allegations are nearly identical. Accordingly, the second element of the test for res judicata is satisfied. Further, the third and fourth elements clearly are met as FKR and the City were both parties to both cases and had the same interests in each. Thus, FKR's claims against the City are barred by res judicata.

FKR's other arguments against res judicata also fail. First, FKR argues that the City improperly attached documents to its motion to dismiss which are not within the four corners of the complaint. Indeed, the City relies upon FKR's state-court complaint in its motion to dismiss. However, "[c]ourts may take judicial notice of publicly filed documents, such as those in state

court litigation, at the Rule 12(b)(6) stage." *United States ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 815 n.4 (11th Cir. 2015) (citing Fed. R. Evid. 201; *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013)). Thus, the Court may properly consider the state-court complaint and other state-court documents at this stage.

In a related argument, FKR asserts that res judicata is an affirmative defense that cannot be raised in a motion to dismiss because it relies on factual allegations outside of the four corners of the complaint. However, FKR's argument does not apply here, where the allegations outside of the four corners of the complaint consist solely of the state-court proceedings. *See Davis v. Williams Commc'ns, Inc.*, 258 F. Supp. 2d 1348, 1352 (N.D. Ga. 2003) ("The Eleventh Circuit has held that, when considering a 12(b)(6) motion to dismiss, a court may take judicial notice of the public record, without converting the motion to one for summary judgment, because such documents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.") (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1279-80 (11th Cir. 1999)).

Finally, FKR argues that "it is elementary that state courts lack subject matter jurisdiction over certain claims arising under the United States Constitution and may only be properly brought in Federal Court." Indeed, FKR asserts that raising due process claims under the Fourteenth Amendment would be improper in state court. This is simply wrong. Rather, it is elementary that federal courts do not have exclusive jurisdiction over federal claims. Plaintiffs are free to bring federal claims in state court, and in fact often do so.

## III. CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that the City's Motion to Dismiss is **GRANTED**. The case is **DISMISSED** with prejudice, with each party bearing its own fees and costs. Fed. R. Civ. P. 41(a)(1)(A)(ii). Further, all pending motions are **DENIED as MOOT** with leave to renew if appropriate.

**DONE AND ORDERED** in Chambers at Miami, Florida, this ____ of January 2018.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record